## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Case No. 2:18-CR-14-5 JRG-RSP |
| | § | |
| JESSIE DARWIN EZELL | § | |

### REPORT AND RECOMMENDATION OF
### THE UNITED STATES MAGISTRATE JUDGE

On July 27, 2023, the undersigned held a final hearing on the Government's petition (#261) to revoke supervised release. The Government was represented by Assistant United States Attorney Lucas Machicek. The Defendant, Jessie Darwin Ezel, was represented by Greg Waldron.

Jessie Darwin Ezell was sentenced on October 16, 2019, before The Honorable Rodney Gilstrap of the Eastern District of Texas after pleading guilty to the offense of Conspiracy to Distribute and Possess with Intent to Distribute 5 Grams Methamphetamine, a Class B felony. This offense carried a statutory maximum imprisonment term of 40 years. The guideline imprisonment range, based on a total offense level of 25 and a criminal history category of I, was 57 to 71 months. Jessie Darwin Ezell was subsequently sentenced to 57 months of imprisonment followed by a 5-year term of supervised release subject to the standard conditions of release, plus special conditions to include providing information for the purposes of confirming gainful employment, not possessing nor consuming any alcoholic beverages, and to participate in an outpatient substance-abuse treatment program and testing. On March 7, 2022, Jessie Darwin Ezell completed his period of imprisonment and began service of the supervision term.

On July 6, 2023, this petition to revoke was filed. In its petition, the Government alleges

the Defendant violated the following conditions:

1) <u>Mandatory</u>: You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court. Specifically, the Government alleges as follows: On March 16, 2023, Mr. Ezell submitted a urine specimen which tested positive for marijuana and methamphetamine. He admitted to using both illicit substances. On April 21, 2023, Mr. Ezell submitted a urine specimen which tested positive for marijuana and methamphetamine. The sample was later confirmed positive by Abbott Labs. On May 2, 2023, Mr. Ezell reported to the U.S. Probation Office, Texarkana Division as instructed to discuss his positive urine specimen on April 21, 2023. Mr. Ezell admitted both verbally and in writing to using both marijuana and methamphetamine prior to his drug test on April 21, 2023. Mr. Ezell also admitted both verbally and in writing to using both marijuana and methamphetamine on April 30, 2023. A urine specimen was collected, confirming positive results for said substance. On June 5, 2023, Mr. Ezell submitted a urine specimen which tested positive for marijuana and methamphetamine. Abbott Labs confirmed the results to be positive for said substances.

2) <u>Special</u>: You must participate in a program of testing and treatment for substance abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any cost associated with treatment and testing. Specifically, the Government alleges as follows: On May 13, 2023, Mr. Ezell failed to attend his schedule individual substance abuse counseling session with treatment provider Carlton Mitchell at the counseling office of Kaye Ratzlaff, LPC, PLLC. On June 12, 2023, Mr. Ezell failed to attend

his scheduled individual substance abuse counseling session with treatment provider Carlton Mitchell at the counseling office of Kaye Ratzlaff, LPC, PLLC.

The Court scheduled a revocation hearing for July 27, 2023. At the hearing on the Government's petition, and after consenting to the undersigned taking the plea, the Defendant pled true to allegation #2 as set forth above. Based on the Defendant's plea of true to the allegation, and with no objection by the Defendant or the Government, the undersigned found that the Defendant did violate conditions of his supervised release, as alleged in the U.S. Probation Office's petition.

The undersigned thereafter recommended that the Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for five months, followed by one-year supervised release with same conditions. Based on the foregoing, it is

**RECOMMENDED** that the Defendant's plea of true to the allegation, as set forth in the Government's petition, be **ACCEPTED**. Based upon the Defendant's plea of true to the allegation, it is further recommended that the Court find that the Defendant violated the conditions of his supervised release. It is further

**RECOMMENDED** that the Defendant's supervised release be **REVOKED**. It is further **RECOMMENDED** that the Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of five months, followed by one-year supervised release with same conditions.

At the close of the July 27, 2023 revocation hearing, Defendant, defense counsel, and counsel for the Government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein and to the imposition of the above sentence.

Defendant also waived his right to be present and speak before the District Judge imposes the recommended sentence. Therefore, the Court may act on the findings and recommendation immediately.

**SIGNED this 28th day of July, 2023.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE